BY THE COURT.
1. The record shows the indictment was-found by the grand jury, duly empannelled, &c., in and for Ross-county, &c. The law prescribes the number and qualifications of grand jurors, and the grand jury empannelled will be presumed composed of the requisite number, and of suitable persons, unless the contrary appears. ‘
2. The 17th section of the criminal act, under which this party was indicted, provides punishment for every person who shall assault and beat another, with intent to commit a rape upon the person assaulted; 29 O. L. 138. We see no excepting clause here to be-negatived. Counsel suppose, that, because the legislature have provided a more severe punishment against one committing a rape upon his daughter or sister, than upon one committing alike offence upon another woman, therefore, there is an exception in the offence complained of here, which should be negatived in the indictment. The assault, with intent to commit a rape, is the same, whether the rape intended was of the higher or lesser species. The rule is correctly laid down in 1 Archb. C. Pl. 24, cited by plaintiff in error. “If there be any exception in the same clause of the act which created the offence, the indictment must show negatively that the-defendant does not come within the exception.” You need not, in any case, state more than will bring the offence within the description of the statute; 1 Ch. C. L. 182. These authorities support this, indictment, which describes the offence as in the statute. Indeed, it would not be reconcilable with common sense, to hold, that where-the statute provided a punishment for an offence specially described,, the offender could not be punished, unless lie were charged with something else. We see no error in the two first objections.
3. This Court has repeatedly decided, that you may not ask of a witness, on cross examination, any irrelevant question, with a view to contradict the answer, by other witnesses, or any question tending to disgrace or criminate the witness; but it has never been supposed that facts testified to by a witness, in answer to questions, asked, could not be falsified by other witnesses. The witness in this case was asked, on cross examination, if she had not made threats, &c., without objection. Had the question been asked before us, and objected to, we should not have suffered it to be put; 44] *but we do not see how that affects the real question. Did the *44 -courtlegally reject the question propounded by the defendant? is the question before us; not whether, in the progress of the cause, the •court permitted the party to ask an improper question of another witness. The question asked and rejected, in our opinion, was competent, independent of the answer of the former witness, inasmuch as it went to impeach her credit. The question asked of her, and answered without objection, cannot change the legal right of the prisoner, to an answer to his own question.
In rejecting this evidence, we think the court below erred, and for that error reverse the judgment. A new trial is awarded, and •the cause remanded for that purpose to the Ross Common Pleas.